HENRY FRAZER, Appellant, *v.* RICHARD GREGG *et al.,* Appellees.

### APPEAL FROM PEORIA.

In an action of assumpsit for work and labor as a distiller, the plaintiff is entitled to recover the price fixed by contract, if there was one; if not, then what his services were reasonably worth. If the plaintiff was to employ an assistant for the service of his employers, without a contract on his part to pay such assistant, then whatever sum is paid said assistant is not to be deducted from the plaintiff. Whatever understanding may have existed between the plaintiff and his assistant, as between themselves, would not affect the employers.

THE facts of this case are sufficiently presented in the opinion of the court. There was a verdict and judgment for the plaintiff in the Circuit Court.

GROVE & McCOY, for Appellant.

N. H. PURPLE, for Appellees.

CATON, C. J. This action was brought to recover compensation for services rendered as a distiller. As it does not appear, from the bill of exceptions, that it contains all the evidence given upon the trial, we have only to pass upon the correctness of the instructions given and refused.

For the plaintiff the court instructed the jury:

" 1. That if the jury believe, from the evidence, that the plaintiff wrought for the defendants as a distiller, and performed his labor in the same manner as ordinarily practical distillers do, that he is entitled to recover whatever the defendants agreed to pay him ; or if there was no specific contract, what his services were reasonably worth.

" 2. That if there was no specific contract that plaintiff was to pay his assistant, and the jury believe, from the evidence, that there was an established custom that the assistant should be paid by the owners of distilleries, then no deduction is to be made on account of payments to the assistant.

" 3. That unless the defendants have proved that the plaintiff agreed to pay the assistant distiller, he is not liable for his wages, and payments to him should not be deducted from the plaintiff's claim."

These instructions assert principles of law so familiar, that we hardly know how to discuss them. The plaintiff was certainly entitled to recover compensation for his services according to the terms stipulated in the express contract, if one was made ; or, if there was none, then what his services were reasonably worth. As to the two last instructions quoted, if there was no contract, either expressed or implied, that the plaintiff should pay the assistant, it would be strange indeed if the plaintiff should be charged with money paid to the assistant by the defendants for services rendered to them. The instructions were right.

The defendants asked the court to instruct the jury : " If the jury believe, from the evidence, that the defendants made payments to Freeman, by consent or at the direction of the plaintiff, the jury should allow the defendants the amount of such payments," which the court gave, adding the words, " *made on account of the plaintiff.*" The defendants excepted to this addition. If the payments were not made on account of the plaintiff, it is difficult to conceive why he should be charged with such payments. The assistant worked for the defendants, under the plaintiff as principal or head distiller, and it may have been very properly his place to direct payments to be made to him, as his subordinate in the service of the defendants. The whole question depended on the inquiry, whether by the contract, expressed or implied, between the parties, the plaintiff was to employ the assistant and pay him for his services, and then charge the defendants with the services of the assistant, or whether the defendants were to pay the assistant themselves. The principle involved in this question is so manifest to the

most common comprehension that we cannot doubt that the jury fully understood it. The only real question was one of fact.

The court also refused to give, for the defendants, the following:

"If the jury believe, from the evidence, that Freeman and plaintiff were to share their profits while they were working for the defendants, this would constitute the plaintiff and Freeman partners, and, in that case, the plaintiff cannot recover any amount against the defendants in this action.

, "There is no legal evidence before the jury of plaintiff selling or delivering malt to the defendants."

To understand the first of these instructions, we must remember the evidence to which it was intended it should apply. This evidence tended to prove that the plaintiff had agreed to run the defendants' distillery at so much per bushel, and was to pay his own assistant, and that he employed Freeman as such assistant, and, as a compensation for his services, was to give him one half he made by running the distillery. This is the most that any of the evidence tended to prove towards a partnership between the plaintiff and Freeman. Whatever this might be, as between themselves, it was nothing as to the defendants. They could not ·be prejudiced by any such arrangement, nor could they take advantage of it. As to the defendants, at least, there was no partnership; and the instruction was properly refused. We do not know what the whole of the evidence before the jury was, so that it is unnecessary for us now to inquire whether the bill of exceptions contains any evidence of the sale of malt, or not. In no event are we authorized to say that the last instruction was improperly refused.

The judgment must be affirmed.

*Judgment affirmed.*